UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AFFILIATED ORTHOPAEDIC SPECIALISTS, P.A.<br><br>Plaintiff,<br><br>-against-<br><br>FEDEX CORPORATION,<br><br>Defendant. | Index No.:<br><br>**COMPLAINT** |

Plaintiff Affiliated Orthopaedic Specialists, P.A. ("Plaintiff"), on assignment of Samuel R., by and through its attorneys, Schwartz Sladkus Reich Greenberg Atlas LLP, by way of Complaint against FedEx Corporation ("Defendant"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a New Jersey medical practice registered to do business in the State of New Jersey with a principal place of business at 2186 State Highway 27, North Brunswick, New Jersey 08902.

2. Defendant is an American multinational delivery services company headquartered in Memphis, Tennessee.

3. Upon information and belief, Defendant is engaged in the process of administering health care plans in the state of New Jersey.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). The insurance plan at issue is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. The administrative remedies have been exhausted.

1

## FACTUAL BACKGROUND

5. Plaintiff is a medical practice comprised of physicians that specialize in orthopedic surgery.

6. On June 25, 2013, one of Plaintiff's physicians performed spinal surgery on Samuel R. ("Patient"). (*See*, **Exhibit A**, attached hereto.)

7. At the time of Plaintiff's treatment of Patient, Patient was the beneficiary of an employer-based health insurance plan for which Defendant served as Plan Administrator.

8. Prior to treating Patient, Plaintiff verified Patient's insurance benefits with the insurance plan's claims administrator under reference number 9860.

9. Pursuant to the insurance verification, Plaintiff was informed that it would be reimbursed at reasonable and customary rates for treatment performed on Patient.

10. Patient assigned his applicable health insurance rights and benefits to Plaintiff.

11. After treating Patient, Plaintiff submitted Health Insurance Claim Form ("HCFA") medical bills to the insurance plan's claims administrator demanding payment for the performed treatment in the total amount of $307,566.00. (*See*, **Exhibit B**, attached hereto.)

12. Plaintiff's charges were reasonable and customary for the specific treatment performed on Patient.

13. On or around October 4, 2013, Plaintiff received an explanation of benefits ("EOB") from the insurance plan's claims administrator. (*See*, **Exhibit C**, attached hereto.)

14. Pursuant to the EOB, of Plaintiff's charges in the amount of $307,566.00, $293,371.14 were "not covered" while $14,194.86 were "covered." *Id*.

15. Of the $14,194.86 that were covered by Plaintiff's insurance plan, $9,936.40 was paid by the plan while $4,258.46 was attributed towards Patient's coinsurance. *Id*.

16. Per the EOB, the reason $293,371.14 in Plaintiff's charges were not covered was based on a combination of two factors: (1) several Current Procedural Terminology ("CPT") treatment codes were denied entirely, and (2) the CPT codes that *were* covered were paid at rates substantially less than Plaintiff's charges. *Id*.

17. On January 28, 2014, Plaintiff submitted an internal appeal to the applicable claims administrator disputing both Defendant's denial of numerous CPT codes as well as the substantial reduction in Plaintiff's charges for those CPT Codes that were covered. (*See*, **Exhibit D**, attached hereto.)

18. On or around February 26, 2014, the claims administrator, on behalf of Defendant, responded to Plaintiff's appeal stating that it would reverse its denial for CPT Code 22633, one of the CPT codes that were previously denied. (*See*, **Exhibit E**, attached hereto.)

19. The appeal response of February 26, 2014 did not respond to the many other CPT codes that were challenged in Plaintiff's appeal as either improperly denied or improperly underpaid. *Id*.

20. On or around March 31, 2014, Plaintiff submitted a second-level appeal, once again challenging Defendant's denials and underpayments of many CPT codes, and specifically noting that the first-level appeal response did not address those denials and underpayments. (*See*, **Exhibit F**, attached hereto.)

21. On or around April 14, 2014, the insurance plan's claims administrator, on behalf of Defendant, responded to Plaintiff's second-level appeal by stating that the appeals process was already exhausted via the first-level appeal and no further appeals were available. (*See*, **Exhibit G**, attached hereto.)

22. Defendant's second-level appeal response did not address the fact that the denials and underpayments of several CPT codes were not addressed in the first-level appeal response. *Id*.

23. Plaintiff's charges for the treatment it performed on Patient were consistent with reasonable and customary rates.

24. Upon information and belief, Patient's insurance plan reimburses out-of-network treatment in accordance with reasonable and customary rates.

25. Moreover, Defendant's claims administrator represented to Plaintiff that treatment performed on Patient would be reimbursed at reasonable and customary rates, and Plaintiff relied on that representation to its detriment.

26. In addition, with respect to the CPT codes that were denied outright, those denials were without proper basis under the terms of Patient's insurance plans and accepted medical guidelines.

27. As a result, Plaintiff has been damaged in the amount of $236,458.74.

28. Accordingly, Plaintiff brings this action for recovery of the outstanding balance, and Defendant's breach of fiduciary duty.

## COUNT ONE

### FAILURE TO MAKE PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B)

29. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 28 of the Complaint as though fully set forth herein.

30. Plaintiff avers this Count to the extent ERISA governs this dispute.

31. Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a benefits plan.

32. Plaintiff has standing to seek such relief based on the assignment of benefits obtained by Plaintiff from Patient.

33. Upon information and belief, Defendant acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

34. Plaintiff is entitled to recover benefits due to Patient under any applicable ERISA plan or policy.

35. As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

## COUNT TWO

### BREACH OF FIDUCIARY DUTY AND CO-FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a)

36. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 35 of the Complaint as though fully set forth herein.

37. 29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

38. Plaintiff seeks redress for Defendant's breach of fiduciary duty and/or Defendant's breach of co-fiduciary duty under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a).

39. 29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

40. Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses

of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. 29 U.S.C. § 1104(a)(1).

41. 29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

42. Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a).

43. Here, when Defendant acted to deny payment for the medical bills at issue herein, and when they responded to the administrative appeals initiated by Plaintiff, they were clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among other reasons, Defendant acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

6

44. Here, Defendant breached its fiduciary duties by: (1) failing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations; (2) participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (3) failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and (4) wrongfully withholding money belonging to Plaintiff.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. For an Order directing Defendant to pay Plaintiff $236,458.74;
B. For an Order directing Defendant to pay Plaintiff all benefits Patient would be entitled to under the insurance plan or policy issued by Defendant;
C. For compensatory damages and interest;
D. For attorney's fees and costs of suit; and
E. For such other and further relief as the Court may deem just and equitable.


Dated: New York, New York
       February 24, 2020

                                      SCHWARTZ SLADKUS
                                      REICH GREENBERG ATLAS LLP
                                      *Attorneys for Plaintiff*


                            By:    /s/ Michael Gottlieb
                                     Michael Gottlieb
                                     444 Madison Avenue
                                     New York, New York 10022
                                     (212) 743-7054